## Cohen v. Mead & Silver.

*Summons — Attachment execution — Service of writ — Sheriff's return — Amendment of return—Correction of record.*

1. Where a sheriff's return to an attachment execution shows the writ was served on the garnishee by giving a true and attested copy to his superintendent at his place of business, without stating why it was not served at his residence, the return may be corrected by supplying the deficiency.

2. When, at the hearing of a rule to dissolve an attachment execution on the ground that the proceedings prior to judgment were irregular, it appears that the apparent irregularity had been corrected by leave of court, the rule will be dissolved.

Rule to set aside service of return of writ and to dissolve attachment execution. C. P. Delaware Co., June T., 1926, No. 2072.

*William K. Rhodes,* for rule; *Hinkson, Ledward & Hinkson,* contra.

FRONEFIELD, P. J., July 15, 1927.—The plaintiff issued an attachment execution against the defendants on a judgment entered here on a record from the Municipal Court of the County of Philadelphia, and directed the sheriff to attach the moneys, etc., of the defendants in the hands of James T. Adrien, garnishee. The sheriff made a return to the attachment execution that he attached the money of the defendants in the hands of James T. Adrien, the garnishee, and that he summoned the garnishee by giving a true and attested copy of the writ to W J. McMahon, superintendent for James T. Adrien, at his place of business, 79th Street, Upper Darby, without stating why the attachment was not served at his residence.

Cohen *v.* Mead & Silver.

The garnishee moved the court to set aside the return, because it did not set forth that, upon inquiry at his place of business, his residence in the county was not ascertained or why service at his residence failed, whereupon the sheriff petitioned the court to amend his return, which was allowed, and the return now complies with the requirements of the act.

The garnishee also moved the court to dissolve the attachment execution because, he alleges, the writ of summons was issued on the 2nd day of November, 1925, and on Nov. 16th judgment was taken for want of an affidavit of defense, and that the affidavit of service of the statement of claim shows that service was made on Oct. 2, 1925.

The record shows that the summons was issued on Oct. 27, 1925; that it was served on defendant on Nov. 2, 1925; that the statement of claim, with notice to file affidavit of defense within fifteen days from the service thereof, was served on Oct. 2, 1925, which has been duly corrected by amendment, allowed by the Municipal Court, to read that the statement of claim, with notice, etc., was served on Nov. 2, 1925. Judgment was entered on Nov. 19, 1925.

Without deciding whether or not the garnishee may question the regularity of the proceedings prior to the entry of judgment against the defendants, we hold that the proceedings are now regular.

And now, July 15, 1927, the rule of the garnishee to set aside the service of the attachment execution on James T. Adrien and his rule to dissolve the attachment execution are hereby discharged.

The garnishee has fifteen days from the day this order is served on him or his attorney of record to file answers to interrogatories.

From William R. Toal, Media, Pa.